(31 Misc. Rep. 240.)

TRAVIS et al. v. STEWART.

(Supreme Court, Appellate Term.    April 16, 1900.)

1. BROKERS—CONTRACT TO SHARE COMMISSION—EVIDENCE—APPEAL AND ERROR.
    In an action to recover a share of commissions for the sale of real estate, a written assignment by defendant of such commissions to a third party was received in evidence over defendant's objection, plaintiff stating, in the presence of the jury, that the document would throw light on the process by which defendant sought to devest himself of any commission received by him, and to put it in the hands of others.  *Held*, that as there was nothing in the assignment tending to prove the alleged agreement to divide commissions, and as the statement of the object for which it was

offered, in the presence of the jury, was calculated to prejudice defendant, its reception in evidence was reversible error.

**2. SAME.**

　　The assignment having been admitted in evidence, coupled with the statement of plaintiff's counsel as to the purpose in offering it, it was error to exclude testimony offered by defendant in explanation of the writing.

**3. SAME.**

　　In an action on an alleged agreement by a real-estate broker to share a commission received by him in the sale of land, a written notice given by plaintiff to the owners of the lands sold by defendant that plaintiff claimed one-half of the commissions for the sale is not admissible in evidence on plaintiff's behalf.

Appeal from city court of New York, general term.

Action by John L. Travis and others against David Stewart to recover upon an agreement by defendant to share a broker's commission with plaintiffs. From a judgment for plaintiffs, affirmed by the general term (61 N. Y. Supp. 492), defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Alexander & Ash (Mark Ash, of counsel), for appellant.
John Henry Hull, for respondents.

GIEGERICH, J. Recovery of the sum of $807.50 is sought upon an express agreement alleged to have been made by the defendant to pay the plaintiffs one-half of the total amount of commissions received by him as broker in the sale of certain real estate. The sole issue litigated upon the trial was as to the making of the agreement set up in the complaint; the sale of the property and the receipt of the commissions having been admitted by the defendant. One of the plaintiffs testified positively to the making of such an agreement, and the defendant with equal directness testified that no such agreement was ever made. That the weight of evidence is not subject to review by this court is too well settled to call for citation of authority. Our attention has been directed, however, to certain questions of law raised by exceptions taken to the admission and rejection of certain testimony, and upon which the defendant asks for a reversal of the judgment herein. Upon the trial the plaintiffs offered in evidence a written instrument executed and acknowledged by the defendant, purporting to be an assignment by him to third parties of the whole amount of the commissions claimed by the defendant to be due him for the sale of the lands. The offer of this instrument in evidence was objected to by defendant's counsel, he at the same time stating to the court that the defendant received the commissions upon the sale of the land, and that the only point made by the defendant was that there never had been any agreement entered into by him to pay the plaintiffs any part of such commissions. Thereupon the plaintiffs' attorney said, "This document goes to throw a great deal of light upon the process by which the defendant sought to devest himself of any commissions received by him, and to put it in the hands of others." The trial justice then admitted the writing in evidence, to which ruling the defendant's counsel duly excepted. It is impossible to see how this assignment

of the defendant's claim to commissions could be material to the plaintiffs' case. The sale of the lands by the defendant, and the receipt by him of the commissions, of which the plaintiffs claimed one-half, was expressly admitted by the defendant; and the fact that the latter had assigned his claim thereto could in no way affect the plaintiffs' right to recover, nor did it in any way tend to prove the making of the alleged agreement between the plaintiffs and the defendant. The admission of the evidence was especially harmful in view of the avowed object for which the same was offered, the assertion by the plaintiffs' counsel being to the effect that "the defendant sought to devest himself of any commissions received by him, and put it in the hands of others." The statement so made in the presence of the jury, and the admission of the instrument by reason thereof, could not fail to impress the jury with some force, and may well have had an effect prejudicial to the defendant's case. Subsequently the defendant went upon the stand, and was asked: "Q. Mr. Stewart, look at this assignment called 'Plaintiffs' Exhibit D.' Under what circumstances was that assignment made by you?" To this question the plaintiffs' counsel objected upon the ground "that the paper speaks for itself." The objection was sustained, and the defendant excepted. Having permitted the assignment to be introduced in evidence, coupled with the statement made by plaintiffs' counsel as to the purpose for which it was offered, it was manifestly proper and relevant for the defendant to show under what circumstances it was made. The paper itself did not appear to be more than a mere assignment of the defendant's claim to commissions. Plaintiffs' counsel, by his assertions relative thereto, had given it a prominence to which it was not entitled in fact; and the refusal of the court to permit the explanation called for to be made, under all the facts and circumstances of the case, was error.

The plaintiffs were also allowed to introduce, against the objections made and exceptions taken thereto by the defendant, a written notification given by the plaintiffs to the owners of the lands sold by the defendant, in which the plaintiffs claimed one-half of the commissions upon the sale thereof. This writing was not material to the issues in the action. At best, it was a declaration of a party in his own favor, and the unsworn assertion of a claim to which the plaintiffs were only entitled, upon proof, if such claim was not admitted. It had no bearing upon the question as to whether there had been an agreement between the parties in this action for a division of those commissions. This case was closely contested, and turned upon the weight to be given the testimony of one of the plaintiffs upon the one hand, as against that of the defendant upon the other, and it is impossible for this court to say that the admission of the testimony referred to was not an important factor in influencing the minds of the jury in reaching the conclusion they did.

There were other points urged by the appellant upon this appeal, but it will not be necessary to consider them, in view of the conclusion reached that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.